## Baker's Estate

*Victor J. Roberts,* of *High, Dettra & Swartz,* for accountant.

*Franklin L. Wright,* of *Wright, Mauck & Hawes,* for auditor.

*Raymond Pearlstine,* for claimant.

*Roland Fleer,* for settlor.

KNIGHT, P. J., March 8, 1943.—William M. Shoemaker, of Kennett Square, Pa., was the guardian for the estates of his two nieces, Edith L. Conrad and Rachel L. Conrad. When the two minors became of age they each made an irrevocable deed of trust of the assets belonging to them, and in the hands of their guardian, to the said William M. Shoemaker and Frances L. Shoemaker, his wife. The combined assets of the two estates at that time amounted to $22,175.56. During 1924 and 1925, the assets of the estates were converted into cash by William M. Shoemaker, one of the trustees. The assets then amounted to $34,512.36. Frances L. Shoemaker, the wife trustee, died January 18, 1926, leaving an estate valued at $23,233.84. William M. Shoemaker, the surviving trustee, died January 9, 1928, insolvent. After the death of William M. Shoemaker it was found that nearly all of the assets of the two trust estates above mentioned had been dissipated by William M. Shoemaker, the trustee, either by unwise investments in Florida real estate or otherwise.

The cestuis que trustent in the above deeds, Edith L. Conrad, then Edith L. C. Allen, and Rachel L. Conrad, then Rachel L. C. Baker, retained George B. Johnson,

a member of the Chester County Bar, and on March 10, 1930, brought proceedings against the estate of Frances L. Shoemaker, the deceased trustee, seeking to recover the money lost and dissipated. The matter was referred by the Orphans' Court of Chester County to William G. Gordon, as an auditor.

On November 28, 1930, Mrs. Allen and Mrs. Baker petitioned the Court of Common Pleas of Montgomery County to appoint a substituted trustee of the trusts created by the above-mentioned deeds of trust. Upon this petition, the Montgomery Trust Company was appointed substituted trustee. Then followed lengthy litigation before the auditor and before the Orphans' Court of Chester County, in which Mr. Johnson represented Mrs. Allen, Mrs. Baker, and the Montgomery Trust Company as substituted trustee.

Finally, after the auditor had filed two reports, in which he absolved the estate of Frances M. Shoemaker from liability, and numerous exceptions were dismissed by the Orphans' Court of Chester County, a final decree was entered, which provided inter alia:

"And now May 20, 1935, it is ordered and decreed that Edith L. C. Allen and Rachel L. C. Baker and the Montgomery Trust Company, substituted trustee for Edith L. C. Allen and Rachel L. C. Baker, pay the expenses of the proceedings, as set forth in the report of the auditor.

By the Court

(Signed) Ernest Harvey, J."

The expenses as set forth in the report amount to $781.45, including a fee to the auditor of $500. On April 5, 1941, the Montgomery Trust Company filed its account as substituted trustee under the two deeds of trust heretofore mentioned. The balance for distribution in each estate is $553.12. The accountant asks for an additional credit of $27.25 for advertising the filing of the accounts, and this is allowed.

Claim of William G. Gordon, auditor: no objection is made to the amount of Mr. Gordon's claim. In fact, no objection could well be made in this court as to the amount of the claim or the obligation to pay. These matters were settled in the Orphans' Court of Chester County and are res adjudicata. It is contended, however, that the claimant is barred by the statute of limitations and laches.

We are of the opinion that the statute of limitations is not a bar to the claim, for the order of the Orphans' Court of Chester County had the dignity and force of a judgment, and the limitation as to judgment is 20 years.

Nor can we say that claimant is guilty of laches. An examination of the account shows that the accountant did not have in its hands sufficient funds to pay the claimant until 1938, and even if he had cited the accountant to file an account before this time it would have availed him nothing. In November of 1935, the claimant wrote to the accountant, demanding that his fees and expenses be paid, and received in reply a letter, informing him that "the trust company has practically no assets in these trusts."

Under the circumstances claimant may well have thought that action on his part was useless. As soon as the account was filed, claimant presented his claim. Neither the accountant nor Rachel L. C. Baker has changed position, nor have they been prejudiced by delay of the claimant in pressing his claim. The claim of William G. Gordon, auditor, is allowed.

Claim of George B. Johnson: At the audit George B. Johnson presented a claim for $200 for professional services.

Mr. Johnson represented Rachel L. C. Baker in instituting and prosecuting the proceedings in the Orphans' Court of Chester County; he also represented the Montgomery Trust Company, substituted trustee, after it had joined Mrs. Baker and Mrs. Allen in the

proceedings. The amount of his claim, representing, as he testified, five years' work, is not objected to but the same defenses are made to the claim as against the claim of Mr. Gordon, namely, the statute of limitations and laches.

As to the statute of limitations, it may be said that the record discloses no date from which the statute could be said to run. Mr. Johnson represented the trustee in 1935, and apparently continued to represent both Mrs. Baker and the trustee. Our comments as to laches as applied to the Gordon claim apply to the Johnson claim. The Johnson claim is allowed.

Some point has been made that the Gordon claim included certain court costs and the fees of the court reporter, who reported the case in Chester County. It is contended that claims for these costs and fees should be made by those to whom they are due.

Mr. Gordon testified that in Chester County it is the practice to bill the auditor for the record costs and stenographer's bill, and that he as auditor was liable for the amounts thereof.

In accordance with the above opinion, we make the following distribution, charging one half of the claims to the estate of Rachel L. C. Baker: Amount shown for distribution by the account, $553.12, which is awarded as follows: to Montgomery Trust Company, substituted trustee, for advertising account, $13.63; to Franklin L. Wright, attorney for William G. Gordon, auditor, one half of claim, $390.73; to Raymond Pearlstine, attorney for George B. Johnson, one half of claim, $100; to Rachel L. C. Baker, $48.76.

And now, March 8, 1943, it is ordered and decreed that, if no exceptions are filed to the above schedule of distribution within 15 days from this date, the accountant shall make distribution in accordance therewith.